UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
ROSS ROSENFELD,

                          Plaintiff,                      **ORDER**

   - v -

                                                            CV-06-1979 (ERK)(VVP)

CITY OF NEW YORK, et al.,

                          Defendants.
-------------------------------------------------------------------x
POHORELSKY, Magistrate Judge:

      The parties, commendably, have resolved a number of disputes that have arisen concerning requests for written discovery, leaving but one item unresolved, *viz.*, whether the plaintiff should be required to provide information about medical and psychotherapeutic treatment he has received during the period from January 1, 2000 to the present. Although the plaintiff states that he does not intend to introduce any expert testimony in support of his claim for emotional distress damages, and that his claim is limited to "garden variety" emotional distress, records of medical and psychotherapeutic treatment are nevertheless reasonably calculated to lead to evidence admissible at trial. An evaluation of the plaintiff's mental state is an inevitable part of the factual inquiry the jury will be asked to undertake when fixing the proper compensation for any emotional injury for which the plaintiff may prove he is entitled to obtain recovery. Records of medical and psychotherapeutic treatment received by the plaintiff during the relevant period are likely to contain the most reliable contemporaneous information concerning the plaintiff's mental state. Even the absence of any record of complaints by the plaintiff to his physician or psychotherapist concerning the matters at issue has evidentiary significance with respect to the severity of the emotional injury suffered.

      Although the court concludes that the information sought by the defendants is an appropriate area for discovery, the time period covered by their request is more than that

necessary for an adequate exploration of the issue. Accordingly, the plaintiff is directed to provide the information sought (as set forth in Interrogatory No. 7 served by the City of New York) but limited to the time period from the commencement of the plaintiff's employment with the Department of Education to the present.

**SO ORDERED:**

*Viktor V. Pohorelsky*
VIKTOR V. POHORELSKY
United States Magistrate Judge

Dated: Brooklyn, New York
       June 22, 2007