UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
ROSS ROSENFELD,

                     Plaintiff,                          **ORDER**

     - v -

                                                     CV-06-1979 (ERK)(VVP)

CITY OF NEW YORK, et al.,

                     Defendants.
-------------------------------------------------------------------x
POHORELSKY, Magistrate Judge:

      The defendant Ilene Agranoff has moved to compel the plaintiff to provide more complete responses to certain interrogatories and document requests served by her in June. The court rules on the specific interrogatories and document requests in dispute below:

      *Interrogatory 3*: The plaintiff's objection that the interrogatory is confusing is overruled. The interrogatory does not ask for a single fact, it asks for an explanation of how the plaintiff came to learn a fact, to wit, that his termination was an act of retaliation. The plaintiff must therefore supply a supplemental answer to this interrogatory.

      *Interrogatory 4*: The plaintiff's objection that the interrogatory is overbroad, vague and ambiguous is overruled for two reasons: first, there is no explanation provided as to how it is overbroad, vague and ambiguous; second, the court finds nothing in the interrogatory to be overbroad, vague and ambiguous. That the interrogatory may ask for a restatement of the pleadings is not a proper objection. The plaintiff must therefore supply a supplemental answer to this interrogatory.

      *Interrogatory 7*: The plaintiff's objection that the interrogatory is overbroad, vague and ambiguous with respect to the phrase "complaints of any kind" is overruled. The plaintiff fails to explain how that phrase is overbroad, vague or ambiguous, and the court does not perceive any such deficiencies in it. That the interrogatory may ask for a restatement of the pleadings is not a proper objection. The plaintiff must therefore supply a supplemental answer to this interrogatory.

      *Interrogatory 8*: The plaintiff's objection to this interrogatory is sustained. To the extent the interrogatory requests information about complaints it is duplicative of interrogatory 7. To the extent it seeks "comments of any kind" by the plaintiff it is overbroad.

*Interrogatories 12 and 13*: The plaintiff's answers are not responsive to the interrogatories. The interrogatories seek very specific information such that the only responsive answers are "yes", "no", or "I do not recall." The plaintiff must therefore supply supplemental answers to these interrogatories.

*Interrogatory 16*: As a protective order has been entered, the plaintiff shall supply a supplemental answer to this interrogatory. The information provided in response to this interrogatory is hereby made subject to the protective order.

*Interrogatory 18*: The plaintiff's response is insufficient because the reference to requests 12, 13 and 14 does not provide an answer to the interrogatory. The interrogatory seeks information as to the first time the plaintiff discussed cheating with "any personnel"; the responses only identify specific personnel without stating which was first. The plaintiff must therefore supply a supplemental answer to this interrogatory.

*Interrogatory 21*: The plaintiff's objection is overruled because it does not specify what is confusing, overbroad, vague and ambiguous about the interrogatory, and the court does not find the interrogatory to suffer any of those infirmities. That the interrogatory may ask for a restatement of the pleadings is not a proper objection. In any event, the interrogatory seeks very specific information such that the only responsive answer is "yes", "no", or "I do not recall." The plaintiff must therefore supply a supplemental answer to this interrogatory.

*Interrogatory 22*: The plaintiff's objection is overruled for the same reason as the objection to interrogatory 21. The plaintiff must therefore supply a supplemental answer to this interrogatory.

*Interrogatory 23*: The plaintiff's objection is overruled because it does not specify what is overbroad, vague and ambiguous about the interrogatory, and the court does not find the interrogatory to suffer any of those infirmities. The plaintiff must therefore supply a supplemental answer to this interrogatory.

As to the document requests, the plaintiff now asserts that he has turned over all documents in his possession responsive to the defendant Agranoff's requests. Nevertheless, the defendant is entitled to a written statement to that effect for each document request. Thus, the plaintiff shall supply a supplemental response to each of the following document requests which states, in substance, that notwithstanding the objection(s) previously made, all documents in the

plaintiff's possession, custody or control responsive to the request have been produced or, alternatively, that the plaintiff does not have any documents responsive to the request within his possession, custody or control: requests 4, 5, 9, 16, and 22. The plaintiff's responses to requests 6, 12,17, 18, 19, 21, and 22 are sufficient.[1]

The supplemental responses required by the above rulings shall be made within ten days of the date of this order.

**SO ORDERED:**

*Viktor V. Pohorelsky*

VIKTOR V. POHORELSKY
United States Magistrate Judge

Dated: Brooklyn, New York
November 2, 2007

---

[1] The court assumes that in response to requests 6, 17, 18, and 19, the plaintiff means that *neither* Plaintiff nor his representatives are in possession, custody or control of responsive documents as he has stated in response to request 12.

-3-